IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ROGELIO ARCE, | Civil Action No. 4:09-2248-CMC-TER |
| Petitioner, | |
| | REPORT AND RECOMMENDATION |
| vs. | |
| WARDEN, FCI WILLIAMSBURG, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner, Rogelio Arce ("petitioner/Arce"), is an inmate in the custody of the Federal Bureau of Prisons currently housed at FCI Williamsburg. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on August 28, 2009. Respondent filed a motion to dismiss or in the alternative a motion for summary judgment. On November 30, 2009, the undersigned issued an order filed December 1, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the petitioner of the consequences if he failed to respond to the motion to dismiss or motion for summary judgment. On December 14, 2009, petitioner filed a response in opposition submitting exhibits in support of the response. (Doc. #17). Respondent filed a reply to the response on January 7, 2010. (Doc. #21). Petitioner filed a second reply on January 27, 2010. (Doc.#22). As both parties have submitted matters outside of the pleadings, the

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

undersigned will treat the motion as one for summary judgment pursuant to Rule 56. Fed.R.Civ.P.
.

## II. HISTORY/ARGUMENTS

Petitioner is serving a 270-month term of incarceration and 5 years supervised release imposed by the United States District Court for the Western District of Texas for Conspiracy to Distribute Cocaine and Marijuana (21 U.S.C. 846), Possession with Intent to Distribute Marijuana, and aiding & Abetting said offense (21 U.S.C. 841(A)(1). Prior to being transferred to FCI Williamsburg, petitioner was incarcerated at Big Spring Correctional Center in Big Springs, Texas. (See respondent's exhibits #1, #2, and #3). Petitioner has a projected release date of December 8, 2011, *via* Good Conduct Time (GCT) Release. (See Respondent's memorandum and respondent's Exhibit #1, Sentencing Monitoring Computation Date Sheet).

Petitioner filed this petition seeking to have his administrative disciplinary action for Rioting expunged. Petitioner requests that the Court overturn the disciplinary action and order the Good Conduct Time (GCT) taken restored. Petitioner alleges that his rights were violated during the disciplinary proceedings held by the Texas federal prison because the hearing officer was also the investigating officer and because he was not permitted to call witnesses. The incident in question happened in 2008 when there was a riot in the Texas federal prison where petitioner was housed. From the pleadings, it appears petitioner was accused of assaulting a staff officer and destroying property for which he was disciplined.

Respondent filed a return and a motion to dismiss or in the alternative, motion for summary judgment. As previously stated, both parties presented matters outside of the pleadings so that the undersigned will treat the motion as one for summary judgment.

Respondent argues that the petitioner has failed to exhaust his administrative remedies. Respondent asserts that the petitioner has not presented the issue of the disciplinary hearing for administrative review at all levels of the formal administrative remedy process and, thus, is not ripe for judicial review.

In response, petitioner argues that he exhausted all available administrative remedies. Petitioner argues that he appealed the DHO decision to the Regional Director's Office and the appeal was rejected on January 5, 2009. Petitioner asserts he resubmitted the appeal to the Regional Director's Office and the Privatization Management Branch remanded the case to the institution for further review and reconsideration on February 10, 2009. Petitioner asserts that he was informed on March 9, 2009, that the case had been remanded for further consideration per his appeal. Petitioner asserts that he appealed the DHO advisement to the rehearing proceeding to the Central Office and on March 19, 2009, appealed the DHO's rehearing decision. Petitioner states that on March 26, 2009, the Central Office rejected the appeal for not providing a copy of the BP-10 and a copy of the response from the Regional Director's Office. On April 16, 2009, petitioner asserts he resubmitted his appeal and has exhausted all his administrative remedies. (Doc. #17).

## III. DISCUSSION

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

As set forth above, respondent argues that the petition should be dismissed because petitioner did not exhaust his administrative remedies before proceeding in federal court. Respondent argues that the failure to exhaust should not be excused. Respondent submitted the declaration of Tami Cassaro, Supervisory Attorney for the Consolidated Legal Center, along with several exhibits. (Cassaro's affidavit and attachments, doc. #14-4). Included in her official duties is the responsibility of researching logs and records maintained by the Bureau of Prisons (BOP) on SENTRY concerning administrative remedies. (Id.). Cassaro conducted a diligent search of the administrative remedy records maintained by the BOP which revealed that petitioner has filed a total of 20 administrative remedies, but has not exhausted his BOP administrative remedy process in relation to the allegations in this petition. (Id.).

On or about January 14, 2009, petitioner filed a Regional Administrative Appeal with the Petitioner Administrator for the Privatization Management Branch appealing a DHO hearing that took place on December 4, 2008, while he was housed at Big Spring Correctional Center. (Id.; Attachment #2, 521140-R3, Regional Administrative Remedy Appeal). On February 10, 2009, petitioner was informed by the Administrator for the Privatization Management Branch that in light of the review of his appeal, the matter was remanded to the institution for further review and consideration. (Id.; Attachment #3, 521140-R3, Regional Administrative Remedy Appeal). Petitioner was also informed that he would be advised of the outcome of the review and would retain all appeal rights based on the decision. (Id.). The response was provided for information purposes only. (Id.).

On March 19, 2009, while petitioner was still incarcerated in Texas, the DHO conducted a rehearing of petitioner's incident report of Rioting in accordance with the instructions set forth by the Administrator for the Private Management Branch. (Id.; Attachment #4, Inmate Discipline Data). A copy of the Amended Discipline Report was provided to plaintiff on the same day. (Id.).

On or about April 13, 2009, petitioner filed a Central Office Administrative Appeal with the Central Office appealing the December 4, 2008, DHO hearing. (Id.; Attachment #5, 521140-R3, Central Office Administrative Remedy Appeal). On June 25, 2009, petitioner was informed by the Central Officer that the record revealed the incident report in question was remanded to the prison for rehearing, which occurred on March 19, 2009, and it was inappropriate for the Central Officer to address the initial DHO hearing since it has been superceded by the rehearing. (Id.; attachment #6, 521140-A3, Response from the National Inmate Appeals Administrator). The Central Office also informed petitioner that it was inappropriate for them to address the rehearing since he had not yet submitted an appeal of that rehearing to the Regional Director. (Cassaro's affidavit, doc. #14-4). The response was provided for information purposes only. (Id.). Petitioner has not filed another administrative remedy appealing the Amended DHO Report that was based on the March 19, 2009, Rehearing. (Id.; attachment #1).

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10. Administrative exhaustion is required prior to a § 2241 challenge to computation of a sentence and application of credit. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985). When a federal prisoner fails to exhaust administrative remedies and thereby loses the opportunity to so, his claims will be deemed procedurally defaulted in a § 2241 proceeding. See Moscato v. Federal Bureau of

Prisons, 98 F.3d 757, 762 (3d Cir. 1996). Although 28 U.S.C. § 2241 does not have an express exhaustion requirement, federal courts have held that available remedies must be exhausted in § 2241 cases. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(exhaustion required under 28 U.S.C. § 2241; and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir.1975) (exhaustion required under 28 U.S.C. § 2241). The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The petitioner may informally attempt to resolve the complaint with a staff member. 29 C.F.R. §542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty (20) calender days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 418 U.S. 539, 557 (1974): 542.15(a).

An exception to filing at all four levels of the process is provided for appeals of action taken by a Discipline Hearing Officer (DHO), which states, "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. 542,14(d)(2). This exception allows the inmate to by-pass filing an appeal at the institution level. His appeal needs only be reviewed at the Regional and Central Office levels. The petitioner "has no alternative but

6

to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16; and Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). Smith, supra.

Based on a review of the evidence submitted, petitioner has failed to exhaust his administrative remedies. On or about January 14, 2009, petitioner appealed the DHO decision to the Regional Director and the matter was remanded for a rehearing and reconsideration. The rehearing was conducted on March 19, 2009, and a copy of the Amended Discipline Report was provided to petitioner on that same day. (Doc. #14-4 with attachments). Petitioner filed an appeal with the Central Office on April 12, 2009, appealing the December 4, 2008, DHO hearing. (Id.). Petitioner was informed by the Central Office that it was "inappropriate for [the Central Office] to address the initial DHO hearing as it has been superceded by the rehearing. It is also inappropriate for us to address the rehearing, as you have not yet submitted an appeal of that hearing to the Regional Director." (Doc. #14-4, attachment #6). Therefore, petitioner has failed to exhaust his administrative remedies.

The undersigned finds no valid reason to waive the BOP exhaustion requirement. The BOP needs the opportunity to correct its own alleged error and possibly grant relief to the petitioner, and the BOP needs to develop a factual record and apply its expertise to the situation. *See* Moscato, supra. (explaining the three reasons to require exhaustion), cited with approval by Watkins v. Compton, 126 Fed.Appx. 621 (4th Cir.2005) (unpublished).

7

## IV.  CONCLUSION

Based on the above reasons, petitioner's claim should be dismissed in its entirety for failure to exhaust his administrative remedies. It is, therefore,

Recommended that respondent's motion for summary judgment (doc. #14) be GRANTED, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 13, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**