IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rogelio Arce, # 22067-079, | C/A NO. 4:09-2248-CMC-TER |
| Petitioner, | |
| | **OPINION and ORDER** |
| v. | |
| Warden, F.C.I. Williamsburg, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 13, 2010, the Magistrate Judge issued a Report recommending that this matter be dismissed for Petitioner's failure to exhaust administrative remedies. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on July 26, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that this matter should be dismissed.

Petitioner asserts that he has exhausted his administrative remedies because "[a]ny trier of the facts would assume that the petitioner has more than exhausted his [a]dministrative [r]emedies with the amount that he has filed." Obj. at 8 (Dkt. # 26, filed July 26, 2010). However, the record reflects that Petitioner did not exhaust his administrative remedies, and his contentions to the contrary are unavailing.

Therefore, Respondent's motion to dismiss (Dkt. # 14) is granted and this petition is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
July 30, 2010

C:\Documents and Settings\des48\Local Settings\Temp\notesFCBCEE\09-2248 Arce v. Warden adopt rr dism failure to exhaust.wpd